**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| BRYAN DUENAS,<br><br>                    Petitioner,<br><br>          vs<br><br>PAUL A PEREZ,<br><br>                    Respondent | CIVIL CASE NO CV0309-22<br><br>**DECISION AND ORDER**<br>Re Petitioner's Motion for Settlement Conference and Appointment of Settlement Judge, and Respondent's Motion to Compel Discovery and for Adverse Inference Instructions and Leave to Amend Answer |

This matter came before the Honorable Arthur R Barcinas for a motion hearing on July 25, 2023 On March 10, 2023, Plaintiff Bryan Duenas ("Petitioner") filed a Motion for Settlement Conference and Appointment of Judge ("Settlement Motion") On the same day, Respondent Paul A Perez ("Respondent") filed a Motion to Compel Discovery and for Adverse Inference Instructions and Leave to Amend Answer ("Motion to Compel") On April 6, 2023, Respondent filed his opposition to the Settlement Motion On April 7, 2023, Petitioner filed his opposition to the Motion to Compel On April 20, 2023, Petitioner filed his reply to Respondent's opposition On April 21, 2023, Respondent filed his reply to Petitioner's opposition Upon consideration of the briefs and arguments at hearing, the Court hereby **GRANTS** Petitioner's Settlement Motion and **DENIES** Respondent's Motion to Compel in its entirety

## BACKGROUND

On or about February 10, 2016, Petitioner and Respondent executed an Operating Agreement governing the activities of Monkeypod Enterprises, LLC ("Monkeypod"), a manager-managed Limited Liability Company organized under the laws of Guam Petitioner and Respondent each held a fifty percent membership interest in Monkeypod, with Petitioner acting as manager for the corporation Pursuant to the Operating Agreement, Monkeypod was established in order to conduct restaurant services, retail and wholesale of food products and prepared food and catering Under Monkeypod, the parties established and operated a restaurant called Poki-Fry, of which Petitioner oversaw all operations as the managing member On May 24, 2022, Petitioner filed the above-captioned Petition for dissolution, claiming irreconcilable differences between the parties

Petitioner alleged that disputes had arisen between the parties regarding the governance of Monkeypod, in part due to matters regarding renovation expenditures and business operations, and in part due to Respondent's alleged past conduct of taking cash directly from the enterprise without authorization, which disrupted banking access and payroll management

Prior to this case, Petitioner and Respondent participated in mediation proceedings at the *Inafa'maolek* Conciliation center The mediation resulted in a settlement agreement executed on December 19, 2019, wherein Petitioner would find interested buyers to purchase Respondent's 50% interest in Monkeypod, following a reconciliation and bookkeeping process to determine the value of said interest Petitioner moved forward with obtaining valuation of the company On March 5, 2020, the accounting firm of Stanley C Wilson, CPA, P C , issued a valuation showing Respondent's 50% interest in Monkeypod to be worth $67,829 00, with a range between $59,192 00 and $84,288 00

On March 17, 2020, Petitioner informed Respondent of the valuation and asked Respondent to fulfill the terms of the settlement agreement by accepting a buyout of his interest in Monkeypod, but Respondent did not respond A further company valuation was obtained following the onset of the Covid-19 global pandemic and related government-ordered business shutdowns The second valuation indicated Monkeypod's value had declined approximately

fifty percent to a range between $29,596 00 and $42,144 00 On June 4, 2020, Respondent was informed of the updated valuation, and was again asked to fulfill the terms of the settlement agreement by accepting a buyout of his interest in Monkeypod On June 5, 2020, Respondent denied the valuations, and refused to mediate the matter further

Instead, on May 24, 2021, Respondent filed a Complaint for Inspection of Books and Records against Monkeypod and Petitioner, creating related case CV0413-21 On August 16, 2021, the Honorable Elyze M Iriarte issued an Order After Hearing in that case, recognizing that the Operating Agreement between the parties required submission of disputes to mandatory mediation, and stayed the matter for ninety (90) days to allow the parties to refer the matter to mediation

On September 16, 2021, Respondent petitioned the Supreme Court of Guam for interlocutory review of the August 16, 2021 Order After Hearing, claiming on appeal that the dispute was between a member and a manager, not "among the members" of Monkeypod, and therefore did not trigger the mandatory mediation provision of the Operating Agreement *Perez v Monkeypod Enterprises, LLC*, 2022 Guam 12 ¶ 13 In its August 10, 2022 decision, the Supreme Court affirmed that Judge Iriarte did not make an error of law in holding that Respondent alleged a "dispute among the members" of Monkeypod *Id* , at ¶ 26

Petitioner filed a Motion for Settlement Conference and Appointment of Settlement Judge in CV0413-21 and the instant case on March 10, 2023 In a May 13, 2013 Order, Judge Iriarte denied the Motion in CV0413-21, reasoning that a settlement conference would be ineffective because Respondent opposed it Judge Iriarte still held that Respondent was mandated to mediate the dispute presented in the cases On June 6, 2023, after the parties effectively stipulated to dismissal, CV0413-21 was dismissed without prejudice pursuant to Guam R Civ P 41(a)(2)

Also on March 10, 2023, Respondent filed in the instant case the Motion to Compel In the Motion to Compel, Respondent requested that the Court 1) grant Respondent leave to amend his pleading to include counterclaims, or order the jury instruction for an adverse inference related to Poki-Fry's daily point of sale records, 2) order Petitioner to produce

purchase orders and vendor invoices, or order the jury instruction for an adverse inference related to the purchase orders or vendor invoices, 3) order Petitioner to immediately reimburse Respondent for his out-of-pocket expenses for copies of tax returns and bank statements, and, 4) order Petitioner to pay Respondent's reasonable expenses, including attorney's fees, to bring the Motion to Compel

On July 25, 2023, the Court held a motion hearing on the Settlement Motion and the Motion to Compel, and took both motions under advisement

## DISCUSSION

Because Respondent's opposition to the Settlement Motion turns entirely on an alleged need for further discovery, the Court will first address Respondent's Motion to Compel, to determine whether further discovery is indeed warranted

### I   RESPONDENT'S MOTION

Respondent seeks for the Court to grant an Order to compel Petitioner to produce documents, to issue jury instructions for adverse inferences, and to grant Respondent leave to amend his Answer In his Motion, Respondent raises the following issues

#### a   Motion to Compel

Pursuant to Guam R Civ P 37(a), a party, upon reasonable notice to other parties, may apply for an order compelling disclosure or discovery If a party fails to make a disclosure required by Guam R Civ P 26(a), any other party may move to compel disclosure GRCP 37(a)(2)(A) The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action *Id* For the purposes of GRCP 37, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond " GRCP 37(a)(3)

Respondent seeks an order to compel discovery on the grounds that Petitioner is liable for spoliation of evidence by allegedly failing to preserve the books and records of Monkeypod

as required by the Guam Limited Liability Company Act (the "Act") Specifically, Respondent alleges that Petitioner failed to preserve point of sale ("POC") data, bank statements, purchase orders, and vendor invoices

Pursuant to the Act, each LLC, through its manager(s), "shall maintain at [its office], [c]opies of the financial statements of the [LLC], if any, for the six most recent fiscal years" and "[t]he books and records of the [LLC] as they relate to the internal affairs of the [LLC] for at least the current and past four fiscal years " 15 GCA § 15115(K)(a)(6)-(7)

Each member and holder of an economic interest in an LLC has the right, upon reasonable request, for purposes reasonably related to the interest of that member or holder of said economic interest, to inspect and copy during normal business hours any of the records required to be maintained at the office 15 GCA § 15114(G)(b)(1) Any request, inspection, or copying by a member or a holder of an economic interest may be made by that person or that person's agent 15 GCA § 15114(G)(i)

Respondent stated that, on February 26, 2021, Respondent requested that he or his agent be allowed to inspect or copy, on March 8, 2021 at the LLC's office "*all* the records or the books of the LLC, including but not limited to *paper or electronic point of sale records bank statements income tax returns, Monthly Gross Receipts,* [and] *Use and Occupancy Tax Returns* " Resp 's Mot to Compel, at 3 (emphasis original) On March 29, 2021, Respondent further requested that he or his agent be allowed to inspect, or copy, on April 7, 2021 at the LLC's office "*all paper or electronic daily point of sale records, bank statements purchase orders,* [and] *vendor invoices* " *Id* , at 4 (emphasis original) After the instant action was filed, Respondent served upon Petitioner the Respondent's First Requests for Production of Documents to Petitioner dated November 7, 2022 In the Requests for Production of Documents, Respondent again requested "*all* of the records or the books of, relating to, or concerning, Monkeypod Enterprises, LLC, a Guam limited liability company, since January 1, 2016," which again included "daily point of sales records bank statements purchase orders vendor invoices income tax returns that were filed with the Department of Revenue and Taxation Government of Guam, and Monthly Gross Receipts, Use and

Occupancy Tax Returns " *Id* , at 6 (emphasis original) Respondent alleges that, because Petitioner provided summaries or reports of the daily POS records rather than the raw POS machine data, Petitioner did not meet the burden of production Respondent further alleges that, on January 17, 2023, Petitioner stated that the POS machines were returned to the POS machine vendor and that Petitioner's understanding was that there was no further data to obtain from said machines Respondent claims that the return of said machines constitutes spoilage of the evidence and provides the basis for Respondent's proposed counterclaims

Petitioner maintains that, for all requests by Respondent, he has provided all documents regarding Monkeypod in his possession, and has either provided all books and records to Respondent or has made them otherwise available for review by Respondent The Court, upon consideration of the record and briefings, agrees that Petitioner has met his burden of production and did not fail to meet his fiduciary duty to maintain the records of Monkeypod as required by 15 GCA § 15115(K)

Pursuant to GRCP 26(b)(1), all discovery is subject to the limitations imposed by GRCP 26(b)(2)(i), (ii), and (iii), which state that "[t]he frequency or extent of use of the discovery methods otherwise permitted under the [GRCP] and by any local rule shall be limited by the court if it determines that " 1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, 2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought, or 3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues Guam R Civ P 26(b)

The body of financial records provided by Petitioner renders said receipts duplicative, Petitioner has given Respondent an open invitation to inspect said financial records, and the Court does not find that the extraneous evidentiary benefit provided by the POS data would outweigh the effort required to retrieve said data

Even if the Court were to find that Petitioner did spoliate any evidence by failing to maintain all records requested by Respondent, the Court finds that the information which Respondent seeks in its Motion to Compel Discovery falls under, if not all, then at least the first and third categories outlined in GRCP 26(b)(2) Moreover, as Petitioner notes, even if the raw POS data is unable to be retrieved, the POS data is not lost to time, nor is it off-limits to Respondent, making this effectively a motion for Respondent to have the information brought to him rather than him going to it It also appears from the Reply to the Motion to Compel that Petitioner did, in fact, maintain all of the requested documents, he simply allegedly did not produce them as timely as Respondent requested Reply to Mot to Compel, at 4

Finally, the proponent of a motion to compel discovery typically bears the initial burden of proving that the information sought is relevant *See, e g , First Niagara Risk Mgmt , Inc v Folino*, 317 F R D 23 (E D Pa 2016), *O'Malley v NaphCare, Inc* , 311 F R D 461 (S D Ohio 2015) The Court does not find that Respondent sufficiently demonstrated that the POS data would provide any deeper insight into the financial records that Petitioner has already produced for Respondent's review, and consequently finds that Respondent has not sufficiently met the burden of demonstrating their relevance

Therefore, for the sake of preserving the Court's and the parties' resources, the Motion to Compel is **DENIED**

### b Jury Instructions for Adverse Inferences

Respondent additionally seeks multiple adverse inference jury instructions based on the alleged spoliation of evidence of the records named above However, the test for an adverse inference instruction based on spoliation of evidence is predicated on evidence actually having been destroyed, and the record seems to indicate that little to no actual destruction of the evidence occurred

Where a party seeks an adverse instruction based on spoliation of evidence, that party must demonstrate 1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed, 2) that the records were destroyed with a culpable state of mind, and 3) that the evidence was relevant to the party's claim or defense such that a

reasonable trier of fact could find that it would support that claim or defense *See, e g Apple, Inc v Samsung Electronics Co , Ltd* , 881 F Supp 2d 1132 (N D Cal 2012)

In the instant case, Petitioner did have a statutory obligation to preserve the above records at the time of their alleged destruction, but Respondent provides no substantial evidence of that destruction Furthermore, even if the Court assumed the named records were destroyed, and the records were relevant to Petitioner's claim for dissolution, Respondent has not sufficiently demonstrated that the alleged destruction was done with a culpable state of mind If anything, the breadth of the body of evidence only demonstrates Petitioner's intent to keep the record as intact as possible

For this reason, the Court **DENIES** Respondent's request for adverse inference jury instructions

### c   Motion for Leave to Amend Answer

Finally, Respondent seeks leave to file and serve an amended Answer and append a counterclaim Respondent's motion for leave is largely dependent on Respondent's allegations that Petitioner spoliated the aforementioned evidence

GRCP 15 allows for amendment to pleadings "by leave of court or by written consent of the adverse party" and states that "leave shall be freely given when justice so requires " Guam R Civ P 15(a) The Guam Supreme Court has previously interpreted this to mean that, "in matters of pleading, leave to amend should always be liberally granted " *Arashi & Co v Nakashima Enters , Inc* , 2005 Guam 21 ¶ 16 However, the Supreme Court has since held that when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the "good cause" standard under GRCP 16(b)(4), not the standard under GRCP 15(a) *Palmer v Mariana Stones Corp* , 2021 Guam 5 ¶ 22 (citing *Johnson v Mammoth Recreations, Inc* , 975 F 2d 604, 609 (9th Cir 1992)) "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment " *Id* Amendment should not be permitted if the moving party cannot show diligence *Id*

However, the existence or degree of prejudice to the party opposing modification may supply additional reasons to deny the motion *Mammoth*, 975 F 2d at 609

Respondent moves for leave to amend his pleading based on "additional relevant facts revealed during [Respondent's] discovery efforts thus far that [Petitioner] tortiously destroyed, significantly altered, or failed to preserve the LLC's property or evidence " Mot to Compel, at 17 Respondent alleges that "good cause has been shown that [Respondent] has been diligent in discovery," which he claims would necessitate the modification of dates in the Third Stipulation to Extend Times and [Proposed] Order, filed on February 7, 2023

The Court does not find this argument compelling In the Scheduling Order signed by both parties and filed on September 9, 2022, it was established that "motions to amend pleadings shall be filed no later than October 7, 202[2] Thereafter, parties may be joined and/or pleadings amended only upon leave of court and for good cause shown " Scheduling Order, CV0302-22, at 2 (Sept 9, 2022) After the initial Scheduling Order, Respondent stipulated to extend the dates for discovery and for the dispositive motions three times on the basis of discovery disputes In none of those stipulations, nor any other motion prior to March 10, 2023, did Respondent indicate any attempt to extend the deadline for motions to amend the pleadings This includes the Third Stipulation, which was filed nearly three weeks after Respondent alleges that Petitioner stated that he returned the POS machines, and at which point Respondent should have been aware that Respondent was planning to file a counterclaim The Court does not find this indicative of diligence on Respondent's part, and therefore **DENIES** Respondent's motion for leave to amend the pleading

## II    PETITIONER'S SETTLEMENT MOTION

Petitioner seeks an Order pursuant to Local Rule CVR 16 6, granting a conference for the purposes of settlement and appointing a settlement judge in the instant case

At any time after an action or proceeding has been filed, any party may file a request for a settlement conference Local Rule CVR 16 6(a) Said conference may be held before the judge trying the case, another judge, or a *pro tempore* judge *Id* If the judge trying the case agrees to

conduct the conference, a written stipulation by all counsel shall be filed prior to the settlement conference *Id* The parties, and the attorneys primarily responsible for the litigation, are required to attend *Id* The judge conducting the settlement conference may excuse a party from personally appearing based on good cause, but the party may be required to participate by telecommunication at the party's expense CVR 16 6(a)(6) The failure of any person to appear at or participate in a settlement conference, unless good cause is show for any such failure, may result in the trial judge imposing appropriate sanctions in his or her discretion upon motion of the opposing party *Id*

Respondent opposes Petitioner's Settlement Motion, arguing that Petitioner's request for a settlement conference and appointment of a settlement judge is premature Respondent argues that, "[u]ntil discovery or the amendment of pleadings is or are completed, or dispositive motions or filed, heard, and ruled upon, any settlement conference would be premature because the purpose of discovery is to apprise [the parties] of the facts so that settlement negotiations can even take place " Resp 's Opp to Settlement Motion, at 7

As noted above, the Court finds that Petitioner has met the burden of production, and no amendment of pleadings will be forthcoming Further, the Guam Supreme Court has held that the dispute between the parties qualifies as a "dispute among the members" under Monkeypod's LLC, agreement, which activates the mandatory mediation requirement *Perez v Monkeypod Enterprises, LLC*, 2002 Guam 12 ¶ 8 The Court finds that Respondent cites no law in his opposition that would mitigate the settlement conference attendance requirement of CVR16 6(a), or that would contravene the Supreme Court's finding that mediation is necessary in this matter

Therefore, the Court now **GRANTS** Petitioner's Motion for Settlement Conference and Appointment of Settlement Judge

## CONCLUSION

Based upon the foregoing, the Court hereby **DENIES** Respondent's Motion to Compel Discovery and for Adverse Inference Instructions and Leave to Amend Answer, and **GRANTS**

Petitioner's Motion for Settlement Conference and Appointment of Settlement Judge, appointing the Honorable Jonathan R Quan to serve as settlement judge in this matter

**IT IS SO ORDERED** ___OCT 2 3 2023___

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**